Peters, P.J.
Appeal from a decision of the Workers’ Compensation Board, filed March 25, 2013, which, among other things, denied a request by the employer to rehear or reopen claimant’s workers’ compensation claim.
Claimant filed for workers’ compensation benefits alleging that he suffered a work-related injury to his back in April 2011 *1362 when he fell down the stairs at the employer’s building. The employer controverted liability, asserting that claimant was not an employee and that no work-related accident had occurred.[1] During the course of the proceedings, the employer discovered that, following the alleged accident, claimant received treatment under an alias for the injuries he sustained. Accordingly, the employer requested that claimant produce all medical records under that alias, or any other, pertaining to his treatment for the alleged workplace injury. Despite the employer’s repeated arguments concerning the relevancy of such medical records, a Workers’ Compensation Law Judge (hereinafter WCLJ) denied the request, established the claim for a work-related back injury and awarded benefits. The employer thereafter applied for a reopening and/or a rehearing of the claim pursuant to 12 NYCRR 300.14, seeking discovery of the additional medical records under claimant’s purported alias. The Workers’ Compensation Board denied the application, concluding that any additional medical records sought would not be probative of the relevant issues. This appeal by the employer ensued.
We reverse. Our review of the Board’s decision to reopen a claimant’s case is limited to whether there was an abuse of discretion (see Matter of Visic v O’Nero & Sons Constr. Co., 115 AD3d 1082, 1082 [2014]; Matter of Burris v Olcott, 95 AD3d 1522, 1523 [2012]; Matter of Pucci v DCH Auto Group, 90 AD3d 1255, 1255-1256 [2011]), and we find that such discretion was abused here.[2] While claimant conceded that he was treated for the alleged work-related injuries under a different name and date of birth, he did not produce those medical records until the third scheduled hearing appearance, and the WCLJ repeatedly and steadfastly denied the employer’s requests for medical authorizations to obtain them.[3] Notably, the other medical records that claimant did produce contain conflicting evidence as *1363 to the cause of claimant’s alleged injuries; a nurse documented that claimant had been in a car accident, while an examining physician noted a slip and fall at work. As such, the requested records were clearly relevant to the issue of causation and, without those records, the employer did not have the opportunity to fully litigate this issue. Under these circumstances, we are of the view that it was an abuse of discretion to deny the employer’s request to reopen the case for further development of the record (see Matter of Emanatian v Saratoga Springs Cent. School Dist., 8 AD3d 773, 774 [2004]; Matter of Burroughs v Empire State Agric. Compensation Trust, 2 AD3d 1120, 1121 [2003]; Matter of Gallagher v Houlihan Lawrence Real Estate, 259 AD2d 853, 854 [1999]; Matter of Angelo v New York State Assn. of Learning Disabled, 221 AD2d 832, 833 [1995]; Matter of McLaskey v City of New York, 277 App Div 1068, 1069 [1950]).
Lahtinen, Rose and Lynch, JJ., concur.

. The employer asserted that Nicholas Texada, an individual who had been hired by the employer to perform work on the subject building, had employed claimant.

. We recognize that the employer’s decision to not seek Board review precludes it from arguing that the WCLJ erred as a matter of law or fact in its determination; however, the employer here does not argue that the decision of the WCLJ was not supported by substantial evidence. Rather, the employer asserts that it was denied its right to fully develop the record and cross-examine claimant regarding his initial treatment for the alleged workplace injury and, for this reason, the matter should be reopened or reheard in the interest of justice.

. Despite the dissent’s claim that the medical records at issue were available to counsel, the record reveals that when claimant finally produced records from his initial hospital treatment following the alleged workplace injury, he provided only two pages of a multipage record. Significantly, claimant *1363 never provided the employer with an authorization that would have permitted it to obtain the full records on its own.